IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

THOMAS ALSTON )
10012 Cedarhollow Lane )
Largo, Maryland 20774 )
)
    Plaintiff, )
)
v. )    CIVIL ACTION NO. _____
)    JURY TRIAL DEMANDED
ER SOLUTIONS, INC. )
Serve: The Corporation Trust Incorporated )
      351 West Camden Street )
      Baltimore, Maryland 21201 )
)
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant ER Solutions, Inc. ("ERS") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Maryland Consumer Protection Act, Md. Code §13-101 *et seq.* (MCPA) and the Maryland Consumer Debt Collection Act, Md. Code §14-201 *et seq.* (MCDCA).

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and a "person" as defined by MCDCA, Md. Code. §14-201(d).

3. Defendant ERS is a Washington State Corporation principally located at 800 SW 39th Street, Renton, Washington 98055.

## FACTS

4. On July 17, 2011 Mr. Alston obtained his Experian and Transunion credit reports and discovered that on July 14, 2011 ERS obtained Mr. Alston's credit report from Experian and reported a collection account to both Experian and Transunion.

5. On July 18, 2011 Jennifer Peden sent a dunning letter to Mr. Alston. In the letter Penden falsely asserted that Mr. Alston had a delinquent cell phone account with Sprint in the amount of $405.91. ERS further falsely stated that it represented Sprint and that Mr. Alston should pay ERS directly.

6. On or about August 8, 2011 Mr. Alston sent a letter disputing the debt to ERS. In his letter Mr. Alston requested proof that Mr. Alston had an outstanding debt with Sprint in the amount of $405.91 and proof that ERS had authority to represent Sprint. Mr. Alston further demanded that ERS stop reporting the account to the credit bureaus and remove its credit inquiries.

7. ERS response to Mr. Alston's dispute was multifaceted and contradictory. On one hand ERS acknowledge that the debt was illegitimate by immediately removing the account from Mr. Alston's credit reports. But on the other hand ERS sent Mr. Alston a letter purporting to validate the debt.

8. ERS' letter purporting to validate the debt was patent forgery. Enclosed with the letter was a purported bill from Sprint in the amount of $405.91. Allegedly this bill was issued on July 13, 2011 for the bill period of June 28 thru July 27. It is undisputed that Mr. Alston did not have an account with Sprint in 2011. This alleged bill contained Mr. Alston's address but Mr. Alston never received this bill from Sprint.

9. ERS' letter[1] led Mr. Alston to believe that he was currently incurring charges with Sprint in July 2011.

10. Mr. Alston responded to ERS' letter by contacting Sprint to inquire about the alleged charged. Sprint advised Mr. Alston that it had no record of any current or past due balance and that it was not actively seeking to collect any money from him.

### COUNT ONE: VIOLATIONS OF FCRA

11. Plaintiff realleges and incorporates paragraphs 1 through 10 above as if fully set out herein.

12. Defendant ERS violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer credit report when it knew it did not have a permissible purpose pursuant to U.S.C. §1681b(a).

13. As a result of conduct, actions and inactions of ERS, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

14. ERS' conduct, actions and inactions were willful, rendering ERS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, ERS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

15. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from ERS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

---

[1] On January 14, 2013, BBB recognized a pattern of complaints from consumers regarding billing and customer service issues. Consumers allege they are billed by Convergent Outsourcing Inc for a debt they do not owe; when they call the creditor, they get confirmation they do not owe anything. Consumers claim they receive numerous calls from Convergent Outsourcing Inc, but when they attempt to return the calls, they cannot reach an operator and must leave a message. Consumers also allege the company will not send a copy of the collection letter when requested. See http://www.bbb.org/western-washington/business-reviews/collection-agencies/convergent-outsourcing-in-renton-wa-501066#

## COUNT TWO: VIOLATIONS OF MCDCA

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17. Plaintiff's purchase of a cell phone plan from Sprint constitutes a "consumer transaction" within the meaning of the MCDCA, §14-201(c). Defendant ERS attempted to collect on the debt arising out of that transaction and is a "collector" within the meaning of MCDCA, §14-201(b).

18. Defendant ERS violated MCDCA, §14-202(3) by disclosing derogatory information to Experian and Transunion that negatively affected Mr. Alston's credit worthiness.

19. At the time ERS disclosed the derogatory information to the credit bureaus it knew Mr. Alston did not owe a debt to Sprint. Additionally, ERS knew that Sprint did not provide it with any authority to collect a debt on its behalf from Mr. Alston.

20. Defendant ERS immediately ceased reporting the account to the credit bureaus after receiving Mr. Alston's dispute because it knew the reporting was false. Upon information and belief ERS was reporting the account as a collection tactic to force Mr. Alston into paying the false debt.

21. As a result of the conduct, actions and inactions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, frustration, upset, anger, humiliation and severe emotional and mental distress.

22. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

## COUNT THREE: VIOLATIONS OF MCPA

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Defendant ERS is a "person" within the meaning of the MCPA, §13-101(h) and Plaintiff is a "consumer" within the meaning of MCPA, §13-101(c)(1).

25. Defendant ERS violation of MCDCA §14-202(3) also constitutes a violation of MCPA, §13-301(14)(iii).

26. Defendant's statement that Sprint billed Mr. Alston in the amount of $405.91 in July of 2011 falsely implied that Mr. Alston was incurring charges with Sprint in July 2011, a violation of Md. Code Ann., Comm. Law, §§ 13-301(1) and 13-303(5), which prohibits the use of false or misleading written statements that have the capacity of misleading consumers in any attempt to collect a consumer debt.

27. As a result of the conduct, actions and inactions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, frustration, upset, anger, humiliation and severe emotional and mental distress.

28. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to MCPA, §13-408(a) and for attorney's fees pursuant to MCPA, §13-408(b).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against ER Solutions, Inc.; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

THOMAS ALSTON

By _____
Thomas Alston
10012 Cedarhollow Lane
Largo, MD 20774
(301) 350-5780
*Pro Se Plaintiff*